### BATTIN v. NORTHWESTERN MUT. LIFE INS. CO.

#### (Circuit Court of Appeals, Third Circuit. June 13, 1904.)

#### No. 41.

1. INSURANCE—ACTION ON POLICY—PLEADING.

   In an action on a life policy, an allegation that defendant has, in its dealings with assured, now deceased, treated the policy as in force, without stating the facts showing the nature of such dealings and treatment, was not sufficiently specific.

2. SAME—CONDITIONS—PREMIUM—NONPAYMENT—WAIVER.

   Where a declaration on a policy of life insurance alleged that on August 20, 1901, when a certain premium of $146.80 became due and payable, insured paid on account thereof the sum of $38.75, which was accepted by defendant as a payment on account of said premium, and that a credit was given to assured for the unpaid balance, it sufficiently alleged a waiver of a provision of the policy that, if the premium shall not be paid at or before the time mentioned for payment thereof, the policy shall cease, etc.

3. SAME.

   Where in an action on a policy the declaration alleged that, on the maturity of a premium, insured paid and defendant accepted a certain amount as a credit thereon, and extended credit to insured for the unpaid balance, but did not allege that any premium whatever was actually paid on that day, a provision of the policy that no premiums after the first should be considered paid unless a receipt should be given therefor signed by the president or secretary of the company, and that the payment and receipt of any premium less than a full annual premium should not have the effect to continue the policy longer than three months in case of a quarterly payment, or six months in case of a semiannual payment, was not involved.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

Joseph A. Culbert, for plaintiff in error.
E. N. Willard, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. Plaintiff's "statement of claim" in the court below was as follows:

"The plaintiff in the above case, Mary F. Battin, claims of the defendant, the Northwestern Mutual Life Insurance Company, the sum of five thousand

dollars ($5,000), with interest from the 8th day of April, which sum is now justly due and payable to the plaintiff by the defendant, upon the cause of action whereof the following is a statement:

"On or about the 20th day of August, 1894, William J. Battin, plaintiff's husband, applied for and received a policy of insurance on his life in favor of the plaintiff, in the defendant company, in the sum of five thousand dollars ($5,000), a copy of the said policy being hereunto annexed and made a part hereof, and marked 'Exhibit A.' The consideration for the issuance of the said policy of insurance by the defendant company was the payment to them of the sum of one hundred and forty-six dollars and eighty cents ($146.80) on the same day and annually thereafter, and the said policy was conditioned that on the death of the said William J. Battin the said defendant company would pay to the said plaintiff the sum of five thousand dollars ($5,000).

"And the plaintiff further avers that the said annual payments of one hundred and forty-six dollars and eighty cents ($146.80) aforesaid, being the premium on the said policy, were paid to the defendant company as the same fell due. On August 20, 1901, when the said premium of one hundred and forty-six dollars and eighty cents ($146.80) became due and payable, the said William J. Battin paid on account thereof the sum of thirty-eight dollars and seventy-five cents ($38.75), which was accepted by the defendant company as a payment on account of the said premium, and a credit was given to the said William J. Battin for the unpaid balance. The said premium of thirty-eight dollars and seventy-five cents ($38.75) has been and is still retained by the defendant, and since the payment thereof, and as late as December 20, 1901, the said defendant has in its dealings with the said William J. Battin, now deceased, treated the said policy as in force.

"On or about the 28th day of January, 1902, the said William J. Battin departed this life. On or about the 4th day of February, 1902, due proof of the death of the said William J. Battin, in accordance with the terms of the said policy, was made to the said defendant company, and demand was then and there made upon it to pay the said five thousand dollars ($5,000) due under said policy to the beneficiary named therein, Mary F. Battin, the plaintiff in this case, less, however, the sum of one hundred and ninety-five dollars ($195), with interest thereon from June 18, 1901, the said amount being a loan from the defendant to the said William J. Battin upon the security of said policy. And the said defendant then and there refused to pay the said sum demanded unto the plaintiff, and has continued down to the present day to refuse and to neglect to pay the said sum, or any part thereof, unto the plaintiff. The plaintiff having repaid to the defendant the said sum of one hundred and ninety-five dollars ($195), with interest from June 18, 1901, and having received from the defendant the said policy of insurance, now brings this her suit for the full amount of the said policy, with interest as aforesaid, having first demanded of defendant the payment of said $5,000, which the defendant refused and continues to refuse to make."

The policy sued upon contained, inter alia, the following condition:

"1st. If the said premium shall not be paid at or before the time within mentioned for the payment thereof, then, and in every such case this policy shall cease and determine; and no premium after the first, hereby acknowledged, shall be considered paid unless a receipt shall be given therefor, signed by the President or Secretary, and the payment and receipt of any premium less than a full annual shall not have the effect to continue this policy in force longer than three months in case of a quarterly payment, or six months in case of a semi-annual payment."

The defendant demurred to the statement of claim. Of the causes of demurrer assigned, two only are substantial, viz.:

"(1) Having admitted the nonpayment of $146.80, which was due on the 20th day of August, 1901, the declaration sets forth no waiver of the condition above quoted, and therefore the declaration shows that the policy was null and void at the time of the death of the said William J. Battin, which, it is alleged in the declaration, occurred on the 28th day of January, 1902.

"(2) The declaration fails to state what credit, if any, was given; for how long a time; or the character of the dealings between the plaintiff and the defendant creating the alleged extension of the credit or waiver. And it also fails to state how or in what manner ·the said defendant treated the said policy as in force as late as December 20, 1901, and, if it was treated as in force on that date, there is no allegation that it was in force at the time of the death of William J. Battin, to wit, on the 28th day of January, 1902."

The Circuit Court entered judgment for the defendant upon the demurrer, and thereupon the plaintiff sued out this writ of error.

We think the learned judge of the court below was right in holding that the allegation that "the said defendant has, in its dealings with the said William J. Battin, now deceased, treated the said policy as in force," was too vague and general. Whether the policy was or was not in force was a question of law, and the facts necessary to be known for its proper determination should have been explicitly stated. Whether the defendant's dealings with Battin, and its treatment of the policy, were such as to maintain the policy in force, could not be decided without information of what those dealings and treatment had been, and that information this averment did not supply. Therefore it was not, when separately considered, sufficient.

But we cannot agree that, "having admitted the nonpayment of $146.80, which was due on the 20th day of August, 1901, the declaration sets forth no waiver of the condition above quoted." What the declaration does set forth is:

"On August 20, 1901, when the said premium of $146.80 became due and payable, the said William J. Battin paid on account thereof the sum of $38.75, which was accepted by the defendant company as a payment on account of the said premium, and a credit was given to the said William J. Battin for the unpaid balance."

This statement is distinct and definite, and therefore, as to it, the only question is whether the acceptance by the defendant of a payment on account of the annual premium due August 20, 1901, amounted to a waiver of the condition that a failure to pay any premium at or before the time mentioned in the policy for the payment thereof would incur a forfeiture of the policy. We are of opinion that it did. It clearly indicated an election by the company to waive the forfeiture, and Battin was entitled to rely upon that election. Insurance Co. v. Eggleston, 96 U. S. 572, 24 L. Ed. 841. This waiver was not repugnant to the written agreement; it was but the exercise of an option which the written agreement left to the company; "and whether it did exercise such option or not was a fact provable by parol evidence, as well as by writing, for the obvious reason that it could be done without writing." "Forfeitures are not favored in the law. They are often the cause of great oppression and injustice. And where adequate compensation can be made, the law in many cases, and equity in all cases, discharges the forfeiture upon such compensation being made. It is true we held in Statham's Case, 93 U. S. 24 [23 L. Ed. 789], that in life insurance time of payment is material, and cannot be extended by the courts against the assent of the company. But where such assent is given, the court should be liberal in construing the transaction in favor of avoiding a forfeiture." Insurance Co. v. Norton, 96 U. S. 240–242, 24 L. Ed. 689. "Any agreement, declaration, or course of action on the

part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." Insurance Co. v. Eggleston, 96 U. S. 577, 24 L. Ed. 841.

The condition in question also contained declarations that no premiums after the first should be considered paid unless a receipt should be given therefor signed by the president or secretary, and that the payment and receipt of any premium less than a full annual should not have the effect to continue the policy longer than three months in case of a quarterly payment, or six months in case of a semiannual payment. But in this case these declarations are not involved, for it has not been alleged that any premium whatever was actually paid on August 20, 1901, but only that a payment on account of the annual premium then due was made

The statement of claim did not set forth the evidence to be adduced in its support, and it should not have done so. It did disclose the condition we have discussed, and clearly and succinctly stated facts which, notwithstanding that condition, would, if proved, entitle the plaintiff to recover, and this is all that was requisite. Therefore the judgment of the circuit court is reversed, with costs, and the cause will be remanded to that court with direction to overrule the demurrer, but with leave to the defendant to plead over within such time as that court shall prescribe