## BATTIN v. NORTHWESTERN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Third Circuit.   February 1, 1906.)

### No. 42.

1. INSURANCE—ACTION ON LIFE POLICY—LAPSE FOR NONPAYMENT OF PREMIUM.

A policy of life insurance provided for annual payment of premiums, and that, on default in any such payment when it became due, the policy should at once cease and determine; that no premium should be considered paid, unless a receipt should be given therefor; and that the payment and receipt of any premium less than a full annual should not continue the policy in force longer than three months in case of a quarterly payment, or six months in case of a semiannual payment. In an action to recover on the policy after the death of the insured, it was alleged that when the last preceding annual payment came due, which was more than three months before the death of insured, he paid a portion thereof, and was given a credit for the remainder; but the evidence showed without contradiction that several years before he had requested a change from annual to quarterly payments, which had been assented to, and that all his payments thereafter were made quarterly; that the payment alleged, which was the last, was made and received as a quarterly payment, and it was expressly so stated in the receipt given therefor. *Held* that, under the terms of the policy, it was continued in force by such payment for only three months, and had consequently lapsed before the death of the insured, and that the court properly directed a verdict for defendant.

2. SAME—PLEADING AND PROOF—ALTERNATIVE RECOVERY.

In an action by the beneficiary to recover the full amount of a life insurance policy, in which it was conclusively proved that the policy had lapsed prior to the death of the insured, plaintiff was not entitled to recover as an alternative the paid up value of the policy, to which she would have been entitled, but which she had never consented to accept and did not ask for in her pleading, which was based solely on the theory that the policy remained in full force.

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

J. A. Culbert, for plaintiff in error.
E. N. Willard, for defendant in error.

Before ACHESON, DALLAS and GRAY, Circuit Judges.

DALLAS, Circuit Judge. By its policy of insurance, dated August 20, 1894, the Northwestern Mutual Life Insurance Company promised to pay to Mary F. Battin, wife of William J. Battin, the sum of $5,000, in 60 days after proof of the fact and cause of his death. He died on January 28, 1902; and after the required proofs had been duly presented, and the said period of 60 days had elapsed, payment of the said sum of $5,000 was demanded by Mrs. Battin and was refused. Thereupon she brought her action against the insurance company, and, upon the trial thereof, the learned judge directed the jury to return a verdict for the defendant.

The policy was issued, as is therein stated, in consideration of the then present payment of $146.80, the receipt whereof it acknowledged,

and of the annual payment of a like sum on each 20th day of August in every year during the continuance of the policy. It contained this condition:

"(1) If the said premium shall not be paid at or before the time within mentioned for the payment thereof, then, and in every such case, this policy shall cease and determine; and no premium after the first, hereby acknowledged, shall be considered paid unless a receipt shall be given therefor, signed by the president or secretary, and the payment and receipt of any premium less than a full annual shall not have the effect to continue this policy in force longer than three months in case of a quarterly payment, or six months in case of a semiannual payment."

The plaintiff's statement of claim averred that:

"On August 20, 1901, when the said premium of one hundred and forty-six dollars and eighty cents ($146.80) became due and payable, the said William J. Battin paid on account thereof the sum of thirty-eight dollars and seventy-five cents ($38.75), which was accepted by the defendant company as a payment on account of the said premium, and a credit was given to the said William J. Battin for the unpaid balance."

The defendant demurred to the statement of claim, and assigned as cause, inter alia, the following:

"(1) Having admitted the nonpayment of $146.80, which was due on the 20th day of August, 1901, the declaration sets forth no waiver of the condition above quoted, and therefore the declaration shows that the policy was null and void at the time of the death of the said William J. Battin, which, it is alleged in the declaration, occurred on the 28th of January, 1902."

When the case was here before (130 Fed. 874, 65 C. C. A. 358), we held that the demurrer was not sustainable upon the ground thus assigned, because the clause that has been quoted from the statement of claim alleged a fact which "clearly indicated an election by the company to waive the forfeiture, and Battin was entitled to rely upon that election." This decision, as is always the case upon such demurrers, was made upon the assumption that the fact alleged in the declaration was true; but, that its actual truth might be determined, this court directed that the defendant should have leave to plead over. This it did, and with the result that, upon the ensuing trial, an issue was presented as to whether the payment of $38.75, which was made by William J. Battin on August 20, 1901, was, as the plaintiff asserted, accepted by the defendant company on account of an annual premium of $146.80, or was, as the defendant contended, made and accepted as and for a payment in full of a quarterly premium. This question was the decisive one, and, undoubtedly, if there had been evidence from which it might have been reasonably resolved in either way, its determination would have been for the jury. But the proof was all one way. It conclusively supported the contention of the defendant. The agent of the company, with whom Mr. Battin directly communicated, testified that at the end of the first year of the insurance Mr. Battin requested a change from annual to quarterly premiums, that this was assented to by the company, and that thereafter the dealings of the parties conformed to the change so made. This testimony was uncontradicted, and was corroborated by the premium receipts, which,

from and after August 20, 1895, were delivered and accepted. They were all, except as to date, the same as that which was given upon the particular occasion more immediately in question, and of which the following is a copy:

"Northwestern Mutual Life Insurance Company, Milwaukee, Wis.

| | | |
|---|---|---|
| Premium for three months........ $38.75 | | Received the quarterly premium due Aug. 20, 1901, as per statement in the margin hereof, on policy No. 307320 insuring the life of W. J. Battin. |
| One-fourth of annual dividend.... 9.28 | | |
| Cash payable...................... $29.47 | | This receipt must be countersigned before delivery by |
| ..................................... | | W. J. Welsh, Gen'l Ag't, |
| Premium as above received this 20th | | Scranton, Pa. |
| day of Aug., 1901. | | [Signed]          J. W. Skinner, |
| [Signed]    W. J. Welsh, Agent. | | Secretary." |

*For terms of mutual agreement see policy.*

The point suggested at the end of the brief of the plaintiff in error is devoid of merit. It is true that an agent of the defendant company, in a letter referring to the policy sued upon, did say:

"The policy is now in the hands of the company under assignment for a loan of $195. According to the policy contract the beneficiary is entitled to a paid-up value of $1,077.00, subject to the company's interest as assignee."

The plaintiff, however, never consented to accept this "paid-up value," but, on the contrary, always insisted that she was entitled to the full amount of $5,000. Her statement of claim set out her cause of action as arising solely out of the defendant's refusal "to pay the said $5,000," and it closed with the express declaration that she brought her suit "for the full amount of the said policy, with interest as aforesaid, having first demanded of the defendant the payment of said $5,000, which the defendant refused, and continues to refuse, to make." Accordingly, the case was tried upon the understanding that the plaintiff's demand was for the whole amount of the policy, and no intimation was at any time made that, as an alternative, she should be awarded its paid-up value. Under these circumstances, it would be quite impossible to hold that the court erred in omitting to submit any such alternative aspect of the case to the jury, even if such omission had been assigned for error; and, as it has not been, the consideration which we have given the subject is more than it was entitled to.

The specifications which relate to the rulings of the court upon questions of evidence have not been overlooked; but as we are of opinion that, upon any view which could be taken of those questions, a case for submission to the jury would not have been presented, they need not be discussed.

Upon consideration of the whole record, our conclusion is that the court below was right in directing a verdict for the defendant, and therefore its judgment is affirmed.